

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR ENGELEN,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>ERIN CAPITAL MANAGEMENT, *et al.*,<br><br>　　　　　　　　Defendants. | CASE NO. 10-CV-01125 BEN (RBB)<br><br>**ORDER:**<br><br>**(1) DENYING ERIN CAPITAL MANAGEMENT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**(2) GRANTING IN PART AND DENYING IN PART ELTMAN ELTMAN & COOPER'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Docket Nos. 20, 21] |

Presently before the Court is Defendant Erin Capital Management's Motion for Partial Summary Judgment (Docket No. 20) and Defendant Eltman Eltman & Cooper's Motion for Summary Judgment (Docket No. 21). For the reasons stated below, Erin's Motion for Partial Summary Judgment is **DENIED** and Eltman's Motion for Summary Judgment is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

Plaintiff Arthur Engelen is a resident of San Diego, California. At sometime before 2007, Plaintiff incurred financial obligations for personal, family, or household purposes. Plaintiff subsequently fell behind on the payments owed on this debt. Before 2007, the debt was assigned to Defendant Erin Capital Management ("Erin"). Also before 2007, Erin hired Defendant Eltman Eltman

1 & Cooper ("Eltman") to collect the debt as Erin's legal counsel.

2 On December 5, 2007, Erin, with Eltman acting as legal counsel, brought a lawsuit against Plaintiff in San Diego County Superior Court, entitled *Erin Capital Management, LLC v. Arthur Engelen*, Case No. 37-2007-00083121-CL-CL-CTL. At around that time, Erin and Eltman represented to the state court that they had properly served Plaintiff. Erin and Eltman were granted a default, then a default judgment against Plaintiff.

In July 2009, Erin and Eltman began garnishing the wages of Plaintiff, to satisfy the judgment against Plaintiff. At about that time, Plaintiff paid the judgment in full. Erin and Eltman stopped garnishing Plaintiff's wages. On October 16, 2009, Defendant Law Offices of Rosen & Loeb ("Rosen") substituted into the state court action as attorneys for Erin, in place of Eltman. In November 2009, Erin and Rosen began to garnish Plaintiff's wages a second time, without giving Plaintiff credit for the funds he previously paid.

Plaintiff filed the present action on May 24, 2010. The Complaint asserts three claims: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, against all Defendants, (2) violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788–1788.32, against all Defendants, and (3) negligence against Erin. Plaintiff alleges that Erin and Eltman falsely represented to the Superior Court that they had properly served Plaintiff. Specifically, Plaintiff alleges that "Defendant Erin and Defendant Eltman had never served the plaintiff and the address Defendant Erin and Defendant Eltman gave to the Superior Court as being the address where the plaintiff was served was a sham. No such address existed, and the the [sic] plaintiff did not reside at that address at any time." (Compl. ¶ 26.) Plaintiff alleges that through this conduct, Defendants violated 15 U.S.C. §§ 1692e and 1692e(10), as well as California Civil Code Section 1788.17. In addition, Plaintiff alleges that the second garnishment of his wages "was instituted notwithstanding the fact that the plaintiff had previously paid the alleged debt in full" and "by falsely representing to the county sheriff's office and the plaintiff's employer that a debt was owed when it was not." (Compl. ¶¶ 40, 42.) Plaintiff alleges that this conduct violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692f(1), as well as California Civil Code Section 1788.17.

Presently before the Court is both Erin's Motion for Partial Summary Judgment and Eltman's

Motion for Summary Judgment.

## DISCUSSION

Summary judgment must be granted where the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where the defendant is the moving party, the defendant must show that a cause of action has no merit by putting forth evidence that either one or more elements of the cause of action cannot be established or that a complete defense exists thereto. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

Erin moves for summary judgment on the issue of its liability regarding the service of the summons and complaint in state court. Eltman moves for summary judgment on both the issue of its liability regarding the service of the summons and complaint in state court, and the issue of its liability regarding the second garnishment of wages. Each of these Motions will be addressed in turn.

### I. ERIN'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff alleges that Erin obtained a default judgment against Plaintiff in state court by falsely representing to the state court that Plaintiff had been served with the summons and complaint, in violation of 15 U.S.C. §§ 1692e and 1692e(10), as well as California Civil Code Section 1788.17. Erin moves for summary judgment on this issue, arguing that the claims are barred by *Rooker-Feldman*. Specifically, Erin argues that "[i]n order to prevail in this case, Plaintiff must prove that he was never served with the state court lawsuit which is contrary to the findings in the state court judgment and the basis for the state court judgment." (Erin Mot. at 6.)

Federal district courts, as courts of original jurisdiction, may not review the final determinations of state courts. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923) (district courts may not exercise appellate jurisdiction over state courts); *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029–30 (9th Cir. 2001). Accordingly, under the *Rooker-Feldman* doctrine,

> [i]f claims raised in the federal court action are "inextricably intertwined" with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction.

*Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (citing *Feldman*, 460 U.S. at 483 n.16 & 485). *Rooker-Feldman* bars an action in which a party essentially asks the federal court to review the state court's decision and afford that party the same remedy he was denied in state court. *Id.*

On the other hand, "for *Rooker-Feldman* to apply, a plaintiff must seek not only to set aside a state court judgment; he or she must also allege a legal error by the state court as the basis for that relief." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004). "Extrinsic fraud on a court is, by definition, not an error by that court. It is, rather, a wrongful act committed by the party or parties who engaged in the fraud. *Rooker-Feldman* therefore does not bar subject matter jurisdiction when a federal plaintiff alleges a cause of action for extrinsic fraud on a state court and seeks to set aside a state court judgment obtained by that fraud." *Id.* at 1141.

In the present case, Plaintiff alleges that Erin obtained a default judgment against Plaintiff in state court by falsely representing to the state court that Plaintiff had been served with the summons and complaint. In other words, Plaintiff claims that Erin committed extrinsic fraud on the state court to obtain the default judgment. Accordingly, Plaintiff is not alleging that the state court committed error; rather Plaintiff is alleging that Erin committed a wrongful act by engaging in the alleged fraud. This issue is not barred by *Rooker-Feldman*.

First, Erin cites *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855 (9th Cir. 2008), for the proposition that "[t]he *Rooker-Feldman* doctrine even applies to a claim that the state court judgment was obtained through 'extrinsic fraud.'" (Erin Mot. at 7.) This is an incorrect statement of the holding of this case. In *Reusser*, the plaintiff alleged that the defendant engaged in extrinsic fraud on the state court in obtaining a default judgment. *Reusser*, 525 F.3d at 859. The plaintiff, however, had already litigated those claims of extrinsic fraud in the state court. *Id.* at 859–60. It was the state court's refusal to vacate the default judgment because of the alleged extrinsic fraud that later robbed the district court of subject matter jurisdiction under *Rooker-Feldman*. *Id.* In fact, the court in *Reusser* explicitly distinguished that case from *Kougasian*. *Id.* at 859. *Reusser* is inapposite to the present action.

Second, Erin cites *Bryant v. Gordon & Wong Law Group, P.C.*, 681 F. Supp. 2d 1205 (E.D. Cal. 2010), as an analogous case in which the district court determined that the plaintiff's action was

barred under *Rooker-Feldman*. In *Bryant*, the plaintiff argued that the defendant violated the FDCPA and the RFDCPA by failing to serve him with the summons and complaint in the state court and by garnishing his bank accounts without any prior notice. *Id.* at 1206–07. The court held that

> in disputing the garnishment of his accounts, Plaintiff is inherently challenging the entry of default against him and the writ of execution that authorized the garnishment. The net effect is that Plaintiff is seeking to undermine the state court judgments. These judgments were rendered before the current district court proceeding, and any action by this Court in favor of Plaintiff on his FDCPA or RFDCPA claims would necessarily require review of those state court judgments. The *Rooker-Feldman* doctrine specifically bars this Court from doing so.

*Id.* at 1208. *Bryant* does support Erin's argument that the present action is barred by *Rooker-Feldman*. The holding in *Bryant*, however, conflicts with the holding in *Kougasian*. When faced with conflicting authority, this Court must follow the binding authority. In this case, the Court must follow *Kougasian*, which was decided by the Ninth Circuit.

Third, Erin cites *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600 (7th Cir. 2008), for the proposition that where "defendants needed to prevail in state court in order to capitalize on the alleged fraud," the claims are barred by *Rooker-Feldman*. (Erin Mot. at 8 (quoting *Kelley*, 548 F.3d at 605).) In *Kelley*, the plaintiffs argued that the defendants' representations and requests to the state court that they were entitled to attorney fees violated the FDCPA. *Id.* at 604. The district court determined that it lacked subject matter jurisdiction based on *Rooker-Feldman*. *Id.* at 605. The court observed that

> plaintiffs charge that defendants fraudulently represented that they were entitled to attorney fees. Under Indiana law, a prevailing party only can obtain attorney fees if such fees are awarded by a court, even when there is a written agreement between the parties providing for such fees. In other words, the defendants needed to convince the state courts that they were entitled to attorney fees in order to succeed in extracting money from plaintiffs.

*Id.* (citation omitted). The court reasoned that "[b]ecause defendants needed to prevail in state court in order to capitalize on the alleged fraud, the FDCPA claims that plaintiffs bring ultimately require us to evaluate the state court judgments. We could not determine that defendants' representations and requests related to attorney fees violated the law without determining that the state court erred by issuing judgments granting the attorney fees." *Id.* To the extent that the holding in *Kelley* supports Erin's argument and conflicts with the holding in *Kougasian*, the Court must follow *Kougasian*, which

was decided by the Ninth Circuit and is binding authority.

In addition, Erin argues that *Rooker-Feldman* applies even to actions in district court that challenge the state court's jurisdiction and those that involve claims brought under the FDCPA. As the issues discussed above are dispositive, however, these arguments need not be reached. Accordingly, Erin's Motion for Partial Summary Judgment is **DENIED**.

## II. ELTMAN'S MOTION FOR SUMMARY JUDGMENT

Eltman moves for summary judgment on both the issue of its liability regarding the service of the summons and complaint in state court, and the issue of its liability regarding the second garnishment of wages. Each issue will be addressed in turn.

### A. Service of the Summons and Complaint in State Court

Plaintiff alleges that Eltman obtained a default judgment against Plaintiff in state court by falsely representing to the state court that Plaintiff had been served with the summons and complaint, in violation of 15 U.S.C. §§ 1692e and 1692e(10), as well as California Civil Code Section 1788.17. In its Motion for Summary Judgment, Eltman argues that this issue is barred by *Rooker-Feldman*. Specifically, Eltman argues that "[i]n order to prevail in this case, Plaintiff must prove that he was never served with the state court lawsuit which is contrary to the findings in the state court judgment and the basis for the state court judgment." (Eltman Mot. at 6.) In its Motion, Eltman makes the same arguments in regards to this issue as Erin did in its Motion. As discussed above, this issue is not barred by *Rooker-Feldman*. Accordingly, Eltman's Motion for Summary Judgment is **DENIED** as to the issue of the service of the summons and complaint in state court.

### B. Second Garnishment of Plaintiff's Wages

Plaintiff alleges that Eltman wrongly garnished his wages after Plaintiff had paid the alleged debt in full, in violation of 15 U.S.C. §§ 1692e, 1692e(10), 1692f(1), and California Civil Code Section 1788.17. Eltman moves for summary judgment on this issue, arguing that Eltman had no involvement in the second garnishment of Plaintiff's wages.

The evidence on the record establishes that Eltman was not involved in the second garnishment of Plaintiff's wages. On October 16, 2009, Rosen was substituted as attorneys of record for Erin, in place of Eltman. (Eltman RJN, Exh. 5 [Substitution of Attorney].) The second garnishment of

1  Plaintiff's wages was initiated by Rosen on November 17, 2009, after Rosen had assumed the
2  representation of Erin in the state court action. (*Id.*, Exh. 4 [Writ of Execution].) This evidence is
3  consistent with the allegations in Plaintiff's own Complaint. (*See* Compl. ¶ 38 ("[O]n or about
4  October 16, 2009, Defendant Eltman withdrew as Defendant Erin's counsel and Defendant Erin
5  retained Defendant RL [Rosen] as its legal counsel."); *Id.* ¶ 39 ("On or about November 17, 2009,
6  Defendant Erin and Defendant RL [Rosen] again initiated garnishment procedures against the plaintiff
7  claiming even more money was owed Defendant Erin. This figure did not include a credit for any of
8  the funds previously paid.").)

9  First, Plaintiff argues that "on August 13, 2009, Eltman gave Rosen 'follow up instructions'
10 to Rosen to levy Plaintiff's wages at his place of employment." (Pl. Opp. to Eltman Mot. at 10.)
11 Plaintiff argues that through this conduct, Eltman directly violated 15 U.S.C. §§ 1692e, 1692e(10), and
12 1692f(1), as well as California Civil Code Section 1788.17. In support of this argument, Plaintiff
13 points to Exhibit F to its Opposition. This document is labeled "Legal Follow-Up Instructions LS4,"
14 and purports to show that Eltman gave Rosen follow up instructions to garnish Plaintiff's wages a
15 second time. The "Legal Follow-Up Instructions LS4," dated August 13, 2009, orders Arthur
16 Engelen's wages to be levied. There is no evidence, however, that this document was prepared by
17 Eltman. It is signed by "Shelly Lee," but does not indicate which organization Shelly Lee is from. Mr.
18 James Rory Boyle, the representative of Eltman, testified that he had no knowledge of this exhibit and
19 that he was not familiar with it. (Hyde Decl., Exh. A, at 72, Exh. B, at 67.) Plaintiff fails to offer any
20 evidence that Eltman prepared this document. Accordingly, Plaintiff has not presented sufficient
21 evidence that Eltman gave Rosen "follow up instructions" to levy Plaintiff's wages at his place of
22 employment.

23 Second, Plaintiff argues in the alternative that "if Rosen had acted on its own, Rosen was
24 working for Eltman at the time, under their direct supervision, and consequently, Eltman would be
25 vicariously liable for the actions of Rosen pursuant to the Ninth Circuit's ruling in *Fox*." (Pl. Opp. to
26 Eltman Mot. at 10.) Plaintiff argues that because Eltman decided to close its California offices,
27 "Eltman, acting on behalf of Erin, retained Rosen" on July 22, 2009. (*Id.* at 9.) Plaintiff argues that
28 from July 22, 2009 to October 16, 2009 (when Rosen was officially substituted as counsel of record

for Erin), "Rosen was working for Eltman under Eltman's direct supervision." (*Id.*)

Plaintiff cites *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507 (9th Cir. 1994), for the proposition that "when a law firm that is acting as a debt collector hires another law firm to assist it, and that law firm then violates the FDCPA, both law firms are liable for the acts of that law firm." (Pl. Opp. to Eltman Mot. at 8.) *Fox*, however, in fact holds that a debt collector client can be vicariously liable for the acts of its attorney; it does not discuss vicarious liability in the case of one law firm hiring another law firm to assist it. *See Fox*, 15 F.3d at 1516 ("In order to give reasonable effect to section 1692i, we must conclude that Congress intended the actions of an attorney to be imputed to the *client* on whose behalf they are taken." (emphasis added).) Even if Rosen were working for Eltman under its direct supervision, Plaintiff does not cite any legal authority under which Eltman could be held vicariously liable for the actions of Rosen.

In addition, even if there were legal authority under which Eltman could be held vicariously liable for the actions of Rosen, Plaintiff only alleges that Rosen was working under the direct supervision of Eltman from July 22, 2009 to October 16, 2009. The second garnishment of Plaintiffs wages took place in November 2009. By Plaintiff's own allegations, Eltman is not liable for the second garnishment of wages. Accordingly, Eltman's motion for summary judgment on the issue of its liability for the second garnishment of Plaintiff's wages is **GRANTED**.

### III. EVIDENTIARY ISSUES

#### A. Requests for Judicial Notice

In support of their Motions, Erin and Eltman both request that the Court take judicial notice of several court documents filed in the state court action, *Erin Capital Management, LLC v. Arthur Engelen*, Case No. 37-2007-00083121-CL-CL-CTL: (1) the Summons and Complaint, filed on December 5, 2007; (2) the Proof of Service of the Summons and Complaint, filed on December 27, 2007; and (3) the Default Judgment filed on October 6, 2008. (Docket Nos. 20, 21.) In addition, Eltman requests that the Court take judicial notice of (4) the Writ of Execution issued on November 17, 2009, and (5) the Substitution of Attorney filed on October 16, 2009, which were also filed in the state court action. (Docket No. 21.) The Court **GRANTS** both of these requests for judicial notice, but only for purposes of noticing the existence of the state court lawsuit and the claims made therein.

*See In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010) ("[T]he court may take judicial notice of the existence of unrelated court documents, although it will not take judicial notice of such documents for the truth of the matter asserted therein.").

### B. Evidentiary Objections

In support of their Motions, Erin and Eltman both submit a "Separate Statement of Undisputed Facts." (Docket Nos. 20, 21.) These statements summarize what Defendants believe to be "undisputed facts" in the action, and offer corresponding citations to where supporting evidence can be found in the record. Plaintiff objects to these statements, arguing that they violate Federal Rules of Evidence 601, 801, 1001 and 1008. The Court does not rely on these statements when disposing of the Motions. Rather, the Court relies on the evidence presented in the Defendants' Requests for Judicial Notice. Accordingly, these objections are **OVERRULED** as moot.

In addition, Plaintiff objects to the entirety of Timothy Johnson's Declaration,[1] on the grounds that it is hearsay in violation of Rule 602. Johnson's Declaration consists of only two statements. First, Johnson declares, "I am an attorney at law, licensed to practice before all of the courts of the State of California and admitted to practice before the United States District Court, Southern District of California. I am the attorney for Defendant Eltman, Eltman & Cooper, P.C. in this action." (Johnson Decl. ¶ 1.) As Johnson has personal knowledge of his ability to practice law, Plaintiff's objection to the first paragraph of the declaration is **OVERRULED**.

Second, Johnson declares:

> I have obtained and reviewed the court file for a case filed in the Superior Court of the State of California, County of San Diego, entitled *Erin Capital Management, LLC v. Arthur Engelen*, case number 37-2007-00083121-CL-CL-CTL. Based upon my review of that court file, the judgment that was entered in that case in favor of Erin Capital Management, LLC and against Arthur Engelen has not been vacated or otherwise set aside.

(Johnson Decl. ¶ 2.) As Johnson's statement is based on his personal review of the court file, Plaintiff's objection to the second paragraph of the declaration is **OVERRULED**.

Moreover, Eltman objects to parts of Plaintiff's Opposition that reference several unrelated

---

[1] Both Erin and Eltman submit a declaration by Timothy Johnson in support of their Motions. (Docket Nos. 20, 21.) These declarations are identical.

- 9 -

10cv01125

lawsuits and a study. In his Opposition, Plaintiff references (1) a 2009 lawsuit by the New York Attorney General against several debt collectors, including Eltman; (2) a 2008 Report by MFY Legal Services surveying lawsuits filed by Eltman; and (3) the lawsuit entitled *Erin Services Co., LLC v. Bohnet*, 26 Misc. 3d 1230(A) (N.Y. Dist. Ct. 2010). These lawsuits and study are not relevant to the present action, and are therefore inadmissible under Rule 402. Eltman's objection, therefore, is **SUSTAINED**. In addition, Plaintiff's request that the Court take judicial notice of *Erin Services Co., LLC v. Bohnet* is **DENIED**.

## CONCLUSION

For the reasons stated above, Erin's Motion for Partial Summary Judgment is **DENIED**. Eltman's Motion for Summary Judgment is **GRANTED IN PART AND DENIED IN PART**. It is denied as to the issue of the service of the summons and complaint in the state court. It is granted as to the issue of the second garnishment of Plaintiff's wages.

**IT IS SO ORDERED.**

DATED: August 29, 2011

HON. ROGER T. BENITEZ
United States District Court Judge