FILED

'11 JAN -3 AM 8:34

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY  DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR ENGELEN,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>ERIN CAPITAL MANAGEMENT, *et al.*,<br><br>　　　　　　　　Defendants. | CASE NO. 10-CV-01125 BEN (RBB)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**(2) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[Docket Nos. 28, 31] |

Presently before the Court is Plaintiff's Motion for Partial Summary Judgment (Docket No. 28) and Defendants' Motion for Summary Judgment (Docket No. 31). For the reasons stated below, Plaintiff's Motion for Partial Summary Judgment is **DENIED** and Defendants' Motion for Summary Judgment is **GRANTED**.

## BACKGROUND

Plaintiff Arthur Engelen is a resident of San Diego, California. Before 2007, Plaintiff incurred financial obligations for personal, family, or household purposes. Plaintiff subsequently fell behind on the payments owed on this debt. Before 2007, the debt was assigned to Defendant Erin Capital Management ("Erin"). Also before 2007, Erin hired Defendant Eltman Eltman & Cooper ("Eltman") to collect the debt as Erin's legal counsel.

On December 5, 2007, Erin, with Eltman acting as legal counsel, brought a lawsuit against

1  Plaintiff in San Diego County Superior Court, entitled *Erin Capital Management, LLC v. Arthur*
2  *Engelen*, Case No. 37-2007-00083121-CL-CL-CTL. At around that time, Erin and Eltman represented
3  to the state court that they had properly served Plaintiff. Erin and Eltman were granted a default, then
4  a default judgment against Plaintiff.

5        On June 23, 2009, Defendant Law Offices of Rosen & Loeb ("Rosen & Loeb") received
6  notification from Erin that it was being assigned Plaintiff's file, because Eltman had closed its
7  California offices and Erin had to retrain new counsel to handle its pending California actions. On
8  October 16, 2009, Rosen & Loeb substituted into the state court action as attorneys for Erin, in place
9  of Eltman.

10        In July 2009, Erin and Eltman began garnishing the wages of Plaintiff, to satisfy the judgment
11  against Plaintiff. On July 23, 2009, Plaintiff satisfied the judgment by forwarding a check to the
12  sheriff who conducted the garnishment proceedings, and Erin and Eltman stopped garnishing
13  Plaintiff's wages. On September 9, 2009, Erin notified Rosen & Loeb electronically that it had
14  received payment in satisfaction of the judgment. The standard practice of Rosen & Loeb upon
15  receiving notification of payment in full is to file a satisfaction of judgment and cease all collection
16  activity in the account. In this case, however, Rosen & Loeb filed a writ of execution in the state court
17  action on November 17, 2009, and began a second garnishment proceeding against Plaintiff, without
18  giving Plaintiff credit for the funds he previously paid.

19        Plaintiff filed the present action on May 24, 2010. The Complaint asserts three claims: (1)
20  violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, against all
21  Defendants, (2) violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ.
22  Code §§ 1788–1788.32, against all Defendants, and (3) negligence against Erin. Plaintiff alleges that
23  Erin and Eltman falsely represented to the Superior Court that they had properly served Plaintiff.
24  Plaintiff alleges that through this conduct, Defendants violated 15 U.S.C. §§ 1692e and 1692e(10), as
25  well as California Civil Code Section 1788.17. In addition, Plaintiff alleges that the second
26  garnishment of his wages "was instituted notwithstanding the fact that the plaintiff had previously paid
27  the alleged debt in full" and "by falsely representing to the county sheriff's office and the plaintiff's
28  employer that a debt was owed when it was not." (Compl. ¶¶ 40, 42.) Plaintiff alleges that this

1  conduct violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692f(1), as well as California Civil Code
2  Section 1788.17.
3       On January 21, 2011, Erin moved for summary judgment on the issue of its liability regarding
4  the service of the summons and complaint in state court. The motion was denied on August 29, 2011.
5  Also on January 21, 2011, Eltman moved for summary judgment on both the issue of its liability
6  regarding the service of the summons and complaint in state court, and the issue of its liability
7  regarding the second garnishment of wages. On August 29, 2011, the Court denied the motion in
8  regards to Eltman's liability for the service of the summons and complaint in state court, and granted
9  the motion in regards to Eltman's liability for the second garnishment of wages.
10       Presently before the Court is both Plaintiff's Motion for Partial Summary Judgment and
11  Defendants' Motion for Summary Judgment.

## DISCUSSION

13       Summary judgment must be granted where the record shows "there is no genuine dispute as
14  to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a);
15  *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party must "persuade the
16  court that there is no genuine issue of material fact." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos.,*
17  *Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).
18       Presently before the Court is both Plaintiff's Motion for Partial Summary Judgment and
19  Defendants' Motion for Summary Judgment. Each of these Motions will be addressed in turn.

20      **I.    PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

21       Plaintiff moves for summary judgment on the issues of: (1) Rosen & Loeb's liability for the
22  second garnishment of wages; (2) Erin's vicarious liability for Rosen & Loeb's actions in connection
23  with the second garnishment of wages; and (3) Eltman's vicarious liability for Rosen & Loeb's actions
24  in connection with the second garnishment of wages.

25         **A.    Rosen & Loeb's Liability**

26       Plaintiff alleges that Rosen & Loeb garnished his wages after Plaintiff had paid the alleged debt
27  in full and, in connection with this second garnishment of wages, attempted to collect fees and interest
28  not authorized by agreement or law in violation of 15 U.S.C. §§ 1692e, 1692e(10), 1692f(1), and

1  California Civil Code Section 1788.17. Plaintiff moves for summary judgment on this issue.

2  Rosen & Loeb concedes that the second garnishment of wages and the related attempt to collect fees and interest not authorized by agreement or law, violated both the FDCPA and the RFDCPA. (Def. Opp. at 9.) Rosen & Loeb, however, argues that the bona fide error defense applies to Rosen & Loeb's second garnishment of wages and its related attempt to collect fees and interest not authorized by agreement or law.

The bona fide error defense provides an exception to liability under both the FDCPA and the RFDCPA. *See* 15 U.S.C. § 1692k(c) ("A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."); CAL. CIV. CODE § 1788.30(e) ("A debt collector shall have no civil liability to which such debt collector might otherwise be subject for a violation of this title, if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation.") To establish a bona fide error defense, the defendant must prove that: (1) the error was not intentional; (2) there was in fact a bona fide error; and (3) the error occurred despite the existence of procedures designed to avoid the error. *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1514 (9th Cir. 1994). The bona fide error defense is an affirmative defense, for which the defendant has the burden of proof. *Id.*

First, Rosen & Loeb must prove that the error was not intentional, which is a subjective test. *See Welker v. Law Office of Daniel J. Horwitz*, 699 F. Supp. 2d 1164, 1171 (S.D. Cal. 2010). Here, Mr. Alan Rosen, Ms. Lori Chertok, and Ms. Patricia Diaz indicated that they did not know why they failed to record the notification of payment of the judgment, but the error was unintentional. (Rosen Decl. ¶ 10; Chertok Decl. ¶ 7; Diaz Decl. ¶ 7.) In addition, when this error was discovered, Rosen & Loeb returned the money that had been garnished to Plaintiff and filed a Satisfaction of Judgment with the state court. (Rosen Decl., Exhs. 3, 4.)

Plaintiff argues that the first element concerns not whether the debt collector intended to violate the law, but whether the debt collector intended to act, citing *Jerman v. Carlisle, McNellie, Rini,*

*Kramer & Ulrich LPA*, 130 S. Ct. 1605 (2010), and *Allen v. Checkredi of Ky., LLC*, No. 09-103-DLB, 2010 U.S. Dist. LEXIS 122301 (E.D. Ky. Nov. 17, 2010). These cases, however, are inapposite. *Jerman* and *Allen* involve the application of the bona fide error defense to mistakes of law, and stand for the proposition that the bona fide error defense does not apply to mistaken interpretations of the FDCPA. *Jerman*, 130 S. Ct. at 1611-12; *Allen*, 2010 U.S. Dist. LEXIS 122301, at *26-33. Here, Rosen & Loeb does not argue that it made a legal error, but rather that it made a clerical error. In regards to clerical errors, "[a] debt collector need only show that its FDCPA violation was unintentional, not that its actions were unintentional." *Kort v. Diversified Collection Servs., Inc.*, 394 F.3d 530, 537 (7th Cir. 2005). Rosen & Loeb has shown that the error was unintentional.

Second, Rosen & Loeb must prove that the error was a genuine mistake rather than a contrived error, which is an objective test. *See Kort*, 394 F.3d at 538; *Welker*, 699 F. Supp. 2d at 1171. As discussed above, Mr. Rosen, Ms. Chertok, and Ms. Diaz indicated that they did not know why they failed to record the notification of payment of the judgment, but the error was unintentional. (Rosen Decl. ¶ 10; Chertok Decl. ¶ 7; Diaz Decl. ¶ 7.) In addition, as soon as this error was discovered, Rosen & Loeb returned the money that had been garnished to Plaintiff, and filed a Satisfaction of Judgment with the state court. (Rosen Decl., Exhs. 3, 4.)

Plaintiff argues that Rosen & Loeb cannot meet its burden of proof on this element because Rosen & Loeb does not know why the error ocurred. Plaintiff, however, does not cite any authority for this proposition. There is no requirement that a defendant must establish why an error occurred to satisfy the second element. In addition, Rosen & Loeb can explain *how* the error occurred: Erin notified Rosen & Loeb electronically that Plaintiff had paid the amount owed on the judgment, Ms. Chertok downloaded that information and gave it to Ms. Diaz to be entered into the accounting system, and Ms. Diaz failed to enter the information into the accounting system. (*See* Diaz Decl. ¶¶ 5-7.) Rosen & Loeb has shown that the error was a genuine mistake.

Third, Rosen & Loeb must prove that it had implemented procedures that were reasonably adapted to avoid the error at issue, which is an objective test. *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1006 (9th Cir. 2008); *Welker*, 699 F. Supp. 2d at 1171. The bona fide error defense "does not require debt collectors to take every conceivable precaution to avoid errors; rather, it only requires

1 | reasonable precaution." *Kort*, 394 F.3d at 539.

2 |       Here, Rosen & Loeb had a written policy in place describing how payment notifications were
3 | to be handled. (Rosen Decl. ¶ 4; Chertok Decl. ¶ 4; Diaz Decl. ¶ 4.) Rosen & Loeb assigned Ms.
4 | Chertok and Ms. Diaz, who were experienced employees, to the task of obtaining and entering
5 | payment notifications from clients such as Erin. (Chertok Decl. ¶¶ 2, 5-6; Diaz Decl. ¶¶ 2, 5.) Ms.
6 | Chertok would download the payment notifications, print them out, and give them to the bookkeeper,
7 | Ms. Diaz, to apply the payments to the appropriate consumer accounts. (Chertok Decl. ¶ 5.) Ms.
8 | Chertok would periodically check Ms. Diaz's work to ensure that the payment entries were properly
9 | entered. (*Id.* ¶ 6.) Rosen & Loeb trained Ms. Chertok and Ms. Diaz in regards to debt collection laws.
10 | (Rosen Decl. ¶ 3; Chertok Decl. ¶ 3; Diaz Decl. ¶ 3.) This training included "monthly meetings to
11 | update employees on new procedures with new or existing clients and periodic written exams on
12 | FDCPA and RFDCPA rules and regulations with follow-up training as necessary based on the result
13 | of the examination." (Rosen Decl. ¶ 3; Chertok Decl. ¶ 3; Diaz Decl. ¶ 3.) In addition, Mr. Rosen
14 | testified that in the twenty years his law firm used these procedures to process payment notifications,
15 | this is the only time the error occurred. (Johnson Decl., Exh. 3 [Rosen Depo.], at 27-28.)

16 |       Plaintiff argues that Rosen & Loeb did not have procedures in place to prevent the type of error
17 | that occurred here. Specifically, Plaintiff points to Mr. Rosen's Deposition, in which Mr. Rosen
18 | establishes that Rosen & Loeb receives an electronic data transfer—rather than a physical case file
19 | —when it is first retained as attorney for a given client. (Pl. Reply, Exh. R [Rosen Depo.], at 10-14.)
20 | In addition, Plaintiff points to Mr. Rosen's testimony that it is not Rosen & Loeb's regular practice to
21 | request copies of judgments from the court, in addition to the electronic data transferred from former
22 | attorneys. (*Id.* at 15-16.) Plaintiff also argues that Rosen attempted to pass on the responsibility for
23 | checking for errors to the Clerk of the Court, by testifying that the Clerk should reject a second writ
24 | of execution if the judgment in a given case has already been paid. (*Id.* at 22.)

25 |       The deposition testimony cited by Plaintiff, however, does not concern the error in accounting
26 | that in fact occurred. The error at issue here was Rosen & Loeb's failure to enter Plaintiff's payment
27 | of the judgment into its accounting system, resulting in Rosen & Loeb undertaking a second
28 | garnishment proceeding rather than filing a satisfaction of judgment. (*See* Rosen Decl. ¶ 8.) Rosen

& Loeb has shown that it had implemented procedures that were reasonably adapted to avoid the error at issue, as described above. Accordingly, Plaintiff's motion for summary judgment on Rosen & Loeb's liability is **DENIED**.

### B.  Erin's Vicarious Liability

Plaintiff argues that Erin is vicariously liable for Rosen & Loeb's actions in connection with the second garnishment of wages. Erin concedes that it is vicariously liable for the conduct of its attorney, Rosen & Loeb. (Def. Opp. at 14.) Because the bona fide error defense applies to Rosen & Loeb's actions, however, the bona fide error defense also shields Erin from liability. Accordingly, Plaintiff's motion for summary judgment on Erin's vicarious liability is **DENIED**.

### C.  Eltman's Vicarious Liability

Plaintiff argues that Eltman is vicariously liable for Rosen & Loeb's actions in connection with the second garnishment of wages. In the August 29 Order, however, the Court granted Eltman's motion for summary judgment on the issue of its liability for Rosen & Loeb's actions connected to the second garnishment of Plaintiff's wages. Accordingly, Plaintiff's motion for summary judgment on Eltman's vicarious liability is **DENIED**.

## II.  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants move for summary judgment on the issues of (1) Rosen & Loeb's liability for the second garnishment of wages; (2) Erin's vicarious liability for Rosen & Loeb's actions in connection with the second garnishment of wages; and (3) Eltman's vicarious liability for Rosen & Loeb's actions in connection with the second garnishment of wages. The parties bring the same arguments as discussed above in regards to Plaintiff's Motion for Partial Summary Judgment. Accordingly, for the reasons discussed above: (1) Defendants' motion for summary judgment on the issue of Rosen & Loeb's liability is **GRANTED**; (2) Defendants' motion for summary judgment on the issue of Erin's vicarious liability is **GRANTED**; and (3) Defendants' motion for summary judgment on the issue of Eltman's vicarious liability is **GRANTED**.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Partial Summary Judgment is **DENIED** and Defendants' Motion for Summary Judgment is **GRANTED**.[1]

**IT IS SO ORDERED.**

DATED: 12/30/2011

HON. ROGER T. BENITEZ
United States District Court Judge

---

[1] The issue of Erin's and Eltman's liability regarding the service of the summons and complaint in state court remains, per the August 29 Order.